UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

-------------------------------------------------------x
GIANNI VERSACE, S.p.a. and :
 VERSACE USA, INC.   :   Case No.: 3:16-cv-03617 HSG
   :
   Plaintiffs,   :
   :
   vs.   :
   :
VERSACE 19.69 ABBLIGLIAMENTO   :
SPORTIVO S.R.L.,   :
   :
THEOFANIS PAPADAS   :
   :
V1969 VERSACE SMO LLC,   :
   :
V1969 VERSACE HG LLC,   :
   :
and V1969 USA LLC.   :
   :
   Defendants   :
-------------------------------------------------------x

**BRIEF IN SUPPORT OF THE MOTION OF DEFENDANTS VERSACE 19.69 ABBLIGLIAMENTO SPORTIVO S.R.L AND THEOFANIS PAPADAS TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION.**

Dated: October 27, 2016

Respectfully submitted,

/s/ *ngkarambelas/s/*
Nicholas G. Karambelas, Esq. [*In pro hac vice*]
Sfikas & Karambelas LLP
1101 Pennsylvania Avenue NW 7th Floor
Washington DC 20004
Tel. (202) 756-1043 FAX (240) 465-0400
Email: nick@ngklaw.com

/s/ *ggbenetatos/s/* Local Counsel

-1-

## TABLE OF CONTENTS

UNDERLYING CAUSE OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

FACTS RELEVANT TO THIS MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    The Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    The Business of VAS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    Contacts with California . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        *Licensee in California* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        *Licensee Identification Services* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    No "Minimum Contacts" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    Attempt to Personally Serve VAS and Papadas in San Francisco . . . . . . . . . . . . . . . 9

LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    I.  **THE DEFENDANTS DO NOT HAVE THE REQUISITE MINIMUM CONTACTS WITH CALIFORNIA NECESSARY UNDER THE DUE PROCESS CLAUSE**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        A.  **"Minimum Contacts" are necessary under the Due Process Clause and the exercise of jurisdiction must be reasonable**. . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        B.  **One licensee in California and a subcontractor to identify potential licensees in the United States who is located in California are not "minimum contacts" sufficient to satisfy the Due Process Clause and it is not reasonabe to exercise personal jurisdiction**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        C.  **The exercise of personal jurisdiction with only the licensee and the independent subcontractor as contacts is not reasonable**. 

    II.  **EVEN ASSUMING THAT THE MINIMUM CONTACTS SATISFY THE DUE PROCESS CLAUSE, THE COURT DOES NOT HAVE GENERAL JURISDICTION OVER THE DEFENDANTS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    **A.**    **General jurisdiction requires that the "minimum contacts" be substantial, continuous and systemic. . . . . . . . . . . . . . . . . . . . . . . . . . . 12**

    **B.**    **One licensee in California and a subcontractor to identify potential licensees in the United States who is located in California are not "minimum contacts" are not substantial, continuous and systemic. . 12**

**III.   EVEN ASSUMING THAT THE MINIMUM CONTACTS SATISFY THE DUE PROCESS CLAUSE, THE COURT DOES NOT HAVE SPECIFIC JURISDICTION OVER THE DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13**

    **A.**    **Specific Jurisdiction requires that the defendant have purposefully availed itself of the privileges and protections of California, the cause of action arises from the minimum contacts and the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13**

    **B.**    **One licensee in California and a subcontractor to seek and identify potential licensees in the United States who is located in California are not "minimum contacts" which satisfy the requirements for specific jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13**

**IV.   THE ATTEMPT TO SERVE PAPADAS IN SAN FRANCISCO IS DEFECTIVE BECAUSE THE PLAINTIFFS DID NOT SERVE OR DELIVER THE SUMMONS AND COMPLAINT ON OR TO PAPADAS AND BECAUSE PAPADAS WAS THERE ONLY TO DISCUSS SETTLEMENT. THIS ATTEMPT OFFENDS TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE . . . . . . . 14**

    **A.**    **The Plaintiffs cannot establish personal jurisdiction based on personal service unless they serve the summons and complaint on Papadas . . 14**

    **B.**    **Even if the Plaintiffs did serve the summons and complaint, it violated traditional notions of fair play and substantial justice.. . . . . . . . . . . . 14**

**CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16**

## TABLE OF AUTHORITIES

**CASES**   Page

*Brilliance New York LLC et al. v. Versace 19.69 Abbigliamento Sportivo S.R.L.* Sup. Ct. Cal. County of Los Angeles, Central District, Case No. BC634080 . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Daimler AG v. Bauman et al.,* 564 U.S. 20 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*F. Hoffman-La Roche Ltd. et al. v. Superior Court*, 130 Cal. App. 4th 782 (2005) . . . . . . . . 12, 13

*Helicopteros Nacionales de Colombia SA v. Hall,* 466 U.S. 408 (1984) . . . . . . . . . . . . . . . . . . 13

*International Shoe Co. v. State of Washington,* 326 U.S. 310 (1945) . . . . . . . . . . . . . . . . . . . . 10

*Pennoyer v. Neff,* 95 U.S. 714 (1877) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Schaffer v. Heitner,* 433 U.S. 186 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980) . . . . . . . . . . . . . . . . . . . . . . . 11

**STATUTES**

Cal. Code. Civ. Pro. § 410.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**UNDERLYING CAUSE OF ACTION**

The Defendant, Versace 19.69 Abbigliamento Sportivo S.R.L., (referred to as VAS) is a manufacturer and producer of consumer products. VAS concludes license agreements in which licensees perform the actual manufacturing function for and on behalf of VAS. The licensee affixes the trademarks of VAS and the VAS company name on the products. The licensee promotes, advertises and sells the products. Because VAS is the manufacturer, VAS is legally obligated to assure that its full company name is affixed to the products.

The Plaintiffs allege that because the VAS company name appears on the products that VAS infringes the trademarks of the Plaintiffs. The Plaintiffs do not dispute the right of VAS to cause its trademark to be affixed to the products. If this motion is denied, VAS will allege that the Plaintiffs entered into an agreement with VAS in Italy under which VAS would affix or cause to be affixed its full company name to products where required by law and also for product labeling.

**SUMMARY OF MOTION**

The only contacts that the VAS and Papadas have with California are:

   A.   A licensee who manufactures products for and on behalf of VAS and does the manufacturing outside of the State of California, and

   B.   An independent contractor who identifies potential licensees for VAS and who happens to be located in the State of California.

These contacts do not rise to the level of "minimum contacts" in or with the State of California. The exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. Even if the foregoing contacts did rise to the level of "minimum contacts", these contacts are not sufficient to establish either general or specific jurisdiction. Neither VAS

nor Papadas conduct a substantial and continuous course of business within the State of California.

On July 22, 2016. VAS and Papadas accepted service of the summons and complaint through the undersigned counsel.  On September 20, 2016, the Defendants met in San Francisco with the attorney for the Plaintiffs for the sole purpose of discussing a settlement of the case. While Papadas was in San Francisco, the Plaintiffs claim that they personally served Papadas as an individual and as the representative of VAS.  The personal service was defective because Mr. Papadas no summons or complaint in this case was served on him.  Moreover, even assuming *arguendo* that Papadas was personally served, the service would have violated traditional notions of fair play and substantial justice.  Papadas had already accepted service a month before the meeting in San Francisco.  Papadas entered California for the sole purpose of conducting discussions to settle the case.

## FACTS RELEVANT TO THIS MOTION

### The Parties

1. The Plaintiff, Versace USA, Inc. is organized and exists under the laws of the State of New York with its principal place of business in the City of New York.

2. The Plaintiff, Gianni Versace, S.p.A. is a corporation organized under the laws of the Italian Republic with its principal place of business in Milan, Italy.

3. Versace 19.69 Abbigliamento Sportivo S.R.L. (referred to as VAS) is a private company organized and validly existing under the laws of the Italian Republic with its principal place of business in Busto Arsizio VA, Italy.

4. Theofanis Papadas is an individual, citizen and resident of the Hellenic Republic

(Greece).  He holds a majority of the interests in VAS.  He is the Director and legal representative of  VAS.

### The Business of VAS

5.  VAS concludes license agreements in which licensees perform the actual manufacturing function for and on behalf of VAS.  The licensee  affixes the trademarks of VAS and the VAS company name on the products. The licensee promotes, advertises and sells the products.

6.  As the manufacturer, VAS is legally obligated to assure that its full company name is affixed to the products.

### Contacts with California

*Licensee in California*

7. VAS has concluded two license agreements with two licensees in California.  Each licensee is entity but is owned or controlled by the same individual.  There is effectively one licensee in California.   The license agreements are:

> A.  Brilliance License Agreement dated October 23, 2014.  The terms of the Agreement are governed by the laws of Italy and the agreed forum for any dispute is the International Court of Arbitration in London England, and
>
> B.  VBH License Agreement dated April 13, 2016. The terms of the Agreement are governed by the laws of the State of New York and the agreed forum for any dispute is the courts in the State of New York.

8.  VBH established a retail store in San Francisco which VBH exclusively owns and operates.  Upon information and belief, VBH expended a significant amount of funds to lease store frontage in various cities, entered into construction contracts, purchasing agreements and the expenses related to establishing a retail business.

9.  The bases for "information and belief" in Paragraph 7 - 8 are allegations made by the licensee Brilliance New York LLC in a complaint dated September 16, 2016 which this licensee has filed against VAS and Papadas, *Brilliance New York LLC et al. v. Versace 19.69 Abbigliamento Sportivo S.R.L.* Sup. Ct. Cal. County of Los Angeles, Central District, Case No. BC634080.

*Licensee Identification Services*

10.  VAS retains the services of an independent contractor named PJB Brands Limited which is organized under the laws of the Republic of Cyprus and has its place of business in Athens, Greece.  PJB Brands Limited, *inter alia,* develops a licensing program for the United States.  VAS and PJB Brands Limited have retained the services of Valero Enterprises, Ltd (referred to as Valero).  Valero identifies potential licensees for VAS in the United States. Valero has its place of business in Los Angeles California.

**No "Minimum Contacts"**

11.  VAS:

   A.   Is not formed under the laws of California,

   B.   Has not registered and is not required to register in California to do business as a foreign entity,

   C.   Does not have a place of business in California,

   D.   Does not own or operate any store or retail outlet in California nor anywhere in the United States, and

   E.   Does not own any real property in California nor anywhere in the United States.

12.  Papadas:

   A.   Does not do any business in California,

      B.      Has no interest in or control of any entity which has a principal place of business in California, and

      C.      Is not either a resident or a domiciliary of California.

### Attempt to Personally Serve VAS and Papadas in San Francisco

13. On July 22, 2016, the undersigned counsel accepted service of the summons and complaint in this case. No personal service was made on either VAS or Papadas.

14. Between September 6 - 8, 2016, undersigned counsel discussed settlement in several telephone conferences. On September 11, 2016, the undersigned counsel offered to meet with the attorney for the Plaintiffs in San Francisco.

15. The attorney for the Plaintiffs accepted the offer and the parties arranged to meet in San Francisco on September 20, 2016, (Ex. 1).

16. On September 18, 2016, the undersigned counsel informed the attorney for the Plaintiffs that the only purpose of the meeting was to discuss settlement and that neither VAS nor Papadas "submits to the personal jurisdiction of the courts in or of the State of California", (Ex. 2).

17. On September 19, 2016, Papadas traveled to San Francisco from Greece for the sole purpose of participating in discussions between his attorneys and the attorney for the Plaintiffs to settle this case.

18. The Plaintiffs allege that Papadas was personally served as an individual and as legal representative of VAS while he was in San Francisco (Doc. 40).

19. Papadas declares that he was served with a summons and complaint by Brilliance NY LLC in a cause of action in Los Angeles County Court which is not related to this case.

20. Papadas further declares that he was not served with the summons and complaint in this case, (Ex. 3).

## LEGAL ANALYSIS

### I. THE DEFENDANTS DO NOT HAVE THE REQUISITE MINIMUM CONTACTS WITH CALIFORNIA NECESSARY UNDER THE DUE PROCESS CLAUSE.

#### A. "Minimum Contacts" are necessary under the Due Process Clause and the exercise of jurisdiction must be reasonable.

The concept of personal jurisdiction is fact specific and has developed primarily through case law.  There are some statutory formulations but they are drafted in broad terms which still requires that the courts interpret them, (Cal.Code. Civ. Pro. §410.10).  Reflecting conditions in the United States in the 19th century, the US Supreme Court opined that a party must be physically present in the state for a court to exercise personal jurisdiction, *Pennoyer v. Neff,* 95 U.S. 714 (1877); overruled in part by *Schaffer v. Heitner,* 433 U.S. 186 (1977).  The term "present" was expanded to mean that a court could exercise personal jurisdiction if the defendant had  "minimum contacts" with the forum state, *International Shoe Co. v. State of Washington,* 326 U.S. 310 (1945). "Minimum contacts" means that the defendant has purposefully acted in a way with respect to the forum state and the subject matter of the litigation that the defendant should reasonably expect to be sued in a court in the forum state, *Schaffer v. Heitner,* 433 U.S. 186 (1977).  However, contacts that are random, fortuitous or attentuated do not rise to the minimum contacts level, *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985).

After identifying the "minimum contacts", the court must make a further inquiry into whether or not exercising personal jurisdiction is reasonable under the facts of the case.  If the

conduct of the defendant in the state is such that the party should reasonably anticipate being subject to suit there and exercising personal jurisdiction does not offend traditional notions of fair play and substantial justice, the court can exercise jurisdiction, *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980).

> **B.    One licensee in California and a subcontractor to identify potential licensees in the United States who is located in California are not "minimum contacts" sufficient to satisfy the Due Process Clause and it is not reasonabe to exercise personal jurisdiction.**

The Defendant VAS has the only the following two contacts with California:

1. Essentially one licensee in California, and

2. An independent contractor who identifies potential licensees in the United States and happens to be located in Los Angeles California.

These conducts are too attenuated to constitute a systemic and continuous course of conduct.

> **C.    The exercise of personal jurisdiction with only the licensee and the independent subcontractor as contacts is not reasonable**.

VAS and Papadas do not purposively conduct any activities in California which would invoke the protections and benefits of California. VAS has one licensee who manufactures products for and on behalf of VAS at locations outside of California and sells the products for the account of the licensee. The contractor of VAS has a subcontractor in California who searches for potential licensees throughout the US. Exercising personal jurisdiction under these facts is unreasonable.

**II. EVEN ASSUMING THAT THE MINIMUM CONTACTS SATISFY THE DUE PROCESS CLAUSE, THIS COURT DOES NOT HAVE GENERAL JURISDICTION OVER THE DEFENDANTS.**

    **A.    General jurisdiction requires that the "minimum contacts" be substantial, continuous and systemic.**

If the "minimum contacts" requirement is satisfied, the next inquiry is whether the court has general jurisdiction. The court has general jurisdiction where defendant is either domiciled in California or the minimum contacts are substantial, continuous and systemic, *Daimler AG v. Bauman et al.,* 564 U.S. 20 (2014); *F. Hoffman-La Roche Ltd. et al. v. Superior Court*, 130 Cal. App. 4th 782 (2005).

    **B.    One licensee in California and a subcontractor to identify potential licensees in the United States who is located in California are not "minimum contacts" which are substantial, continuous and systemic.**

VAS has effectively one license agreement in California. The licensee manufactures products for and on behalf of VAS at a location which is outside of California. The licensee invested the funds necessary to build and operate a store from which it sells the products. VAS does not sell products to the licensee or to anyone else in California. VAS does not sell to wholesaler or retailers. Rather, the licensee sells the products which the licensee manufactures for and behalf of VAS. Other than maintaining some limited quality control, VAS has no measurable control or discretion over the business of the licensee. Nothing in VAS activities rises to the level of substantial, continuous and systematic contacts.

The only service which Valero performs is to seek and identify potential licensees anywhere in the United States. That Valero is located in California is merely a random circumstance. Valero performs it services primarily outside of California. The contract between

PJB Brands Limited was negotiated in Greece and is governed by the laws of Greece.  The contract between PJB Brands Limited and Valero was negotiated in Greece.

### III.  EVEN ASSUMING THAT THE MINIMUM CONTACTS SATISFY THE DUE PROCESS CLAUSE, THE COURT DOES NOT HAVE SPECIFIC JURISDICTION OVER VAS AND PAPADAS.

**A.   Specific jurisdiction requires that the defendant have purposefully availed itself of the privileges and protections of California, the cause of action arises from the minimum contacts and the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.**

If a court does not have general jurisdiction, it may still be able to exercise specific jurisdiction, *Helicopteros Nacionales de Colombia SA v. Hall,* 466 U.S. 408 (1984).  Under *F. Hoffman-La Roche Ltd. et al. v. Superior Court*, 130 Cal. App. 4th 782 (2005), the court could exercise specific jurisdiction over VAS only if:

       1.    VAS has purposefully availed itself of the privilege of conducting activities in California, thereby invoking the benefits and protections of the law,

       2.    The cause of action arises from the California-related activity of VAS, and

       3.    The exercise of jurisdiction would be fair and reasonable and comport with traditional notions of fair play and substantial justice.

**B.   One licensee in California and a subcontractor to seek and identify potential licensees in the United States who is located in California are not "minimum contacts" which satisfy the requirements for specific jurisdiction.**

The only contacts which VAS and Papadas have with California are the license agreements with effectively one licensee and the services which Valero performs as a subcontractor to the business development consultant of VAS in Greece.  Each of these contacts is too inconsequential to invoke the benefits and protections of California.

**IV.  THE ATTEMPT TO SERVE PAPADAS IN SAN FRANCISCO IS DEFECTIVE BECAUSE THE PLAINTIFFS DID NOT SERVE OR DELIVER THE SUMMONS AND COMPLAINT TO PAPADAS AND BECAUSE PAPADAS WAS THERE ONLY TO DISCUSS SETTLEMENT. THIS ATTEMPT OFFENDS TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE.**

    **A.**    **The Plaintiffs cannot establish personal jurisdiction based on personal service unless they serve the summons and complaint on Papadas**.

The essential act necessary to cause a court to have personal jurisdiction over a defendant under *Pennoyer v. Neff, supra.* is physically handing the summons and complaint to the defendant or delivering them to the defendant.  If the Plaintiffs allege personal jurisdiction based on presence, they must at a minimum actually deliver the summons and complaint to Papadas.  The Plaintiffs did not hand the summons and complaint to Papadas nor did they deliver them to him, (Paragraphs 19-20, *supra.*)

    **B.**    **Even if the Plaintiffs did serve the summons and complaint, such service would violate traditional notions of fair play and substantial justice.**

The Plaintiffs mistakenly believed that VAS and Papadas operated the store which displayed the company name of VAS, (Doc. 1).  They based their allegation of jurisdiction on this mistaken belief.  In fact, the store is built, leased and operated exclusively by the licensee, (Paragraph 8, *supra.*).  The Plaintiffs asked the undersigned counsel whether he would accept service because the Plaintiffs would otherwise have to serve VAS and Papadas under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, (Hague Convention).  VAS and Papadas authorized their counsel to accept service which he did on July 22, 2016, (Doc. 21-22).

The parties engaged in good faith settlement discussions during August 2016.  In early September, VAS and Papadas believed that there was a basis for settlement and traveled to San

Francisco to meet with the attorney for the Plaintiff to discuss settlement.  The undersigned counsel made clear to the attorney for the Plaintiffs that VAS and Papadas were going to San Francisco only to discuss settlement and did not submit to the personal jurisdiction of the courts (Paragraph 16, *supra.*).

The attorney for the Plaintiffs did not invite or "lure" VAS and Papadas to San Francisco.  However, accepting the good faith offer of VAS and Papadas to meet in San Francisco to discuss settlement has the same effect.  Service was already complete when the undersigned counsel accepted service on July 22, 2016.  VAS and Papadas had no reason to believe that they might still be exposed to personal jurisdiction based on presence when they met with the attorney for the Plaintiffs in San Francisco.

The concept of personal jurisdiction, as opposed to subject matter jurisdiction, is not set forth in a statute.  The concept has developed through cases law which is fact specific.  It makes no sense for the judiciary to encourage settlement of disputes yet at the same time enforce some antiquated non statutory notion of personal jurisdiction.

WHEREFORE, the Defendant request that this court:

    A.    Dismiss the complaint on the grounds that this court lacks personal jurisdiction over VAS and Papadas, and

    B.    Award the costs of this motion to VAS and Papadas.

Dated: October 27, 2016

*/s/ngkarambelas/s/ [In pro hac vice]*

*/s/ggbenetatos/s/ [SBN 54986]*

Attorneys for Versace 19.69 Abbigliamento Sportivo S.R.L. and Theofanis Papadas

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

---------------------------------------------------------x

| | |
|---|---|
| GIANNI VERSACE, S.p.a. and | : |
| VERSACE USA, INC. | :   Case No.: 3:16-cv-03617 HSG |
| Plaintiffs, | : |
| vs. | : |
| VERSACE 19.69 ABBLIGLIAMENTO | : |
| SPORTIVO S.R.L., | : |
| THEOFANIS PAPADAS | : |
| V1969 VERSACE SMO LLC, | : |
| V1969 VERSACE HG LLC, | : |
| and V1969 USA LLC. | : |
| Defendants | : |

---------------------------------------------------------x

## CERTIFICATE OF SERVICE

    I certify that on October 28, 2016 the foregoing Motion for Lack of Personal Jurisdiction was entered into the electronic filing system of the court to be served on the proper parties.

*/s/ngkarambelas/s/* *[In pro hac vice]*

*/s/ggbenetatos/s/* *[SBN 54986]*

    Attorneys for Versace 19.69 Abbigliamento
    Sportivo S.R.L. and Theofanis Papadas