ROSEMARIE T. RING (State Bar No. 220769)
rose.ring@mto.com
CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
carolyn.luedtke@mto.com
AARON D. PENNEKAMP (State Bar No. 290550)
aaron.pennekamp@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

JONATHAN E. ALTMAN (State Bar No. 170607)
jonathan.altman@mto.com
WILLIAM LARSEN (State Bar No. 314091)
william.larsen@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fifth Floor
Los Angeles, California 90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Gianni Versace, S.p.A. and
Versace USA, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,  OAKLAND DIVISION

| | |
|---|---|
| GIANNI VERSACE, S.P.A. and VERSACE USA, INC., <br><br>              Plaintiffs, <br><br>      vs. <br><br> VERSACE 19.69 ABBIGLIAMENTO SPORTIVO S.R.L., THEOFANIS PAPADAS, SUSAN VALERO, VALERO ENTERPISES, INC., V1969 BH LLC, BRILLIANCE NEW YORK LLC, V1969 VERSACE SMO LLC, V1969 VERSACE HG LLC, and V1969 USA LLC, <br><br>              Defendants. | Case No. 4:16-cv-03617-HSG <br><br> **PLAINTIFFS' OPPOSITION TO MOTION BY ADAM ROSSMAN TO WITHDRAW AS COUNSEL FOR DEFENDANTS V1969 VERSACE SMO LLC, V1969 VERSACE HG LLC, AND V1969 USA LLC** <br><br> Judge:  Hon. Haywood S. Gilliam, Jr. <br> Date:   July 13, 2017 <br> Time:   2:00 p.m. <br> Crtrm:  2 |

**OPPOSITION TO MOTION TO WITHDRAW**

Although Plaintiffs Gianni Versace, S.p.A. and Versace USA, Inc. (collectively, "Versace") do not dispute the grounds for good cause asserted by counsel for Defendants V1969 Versace SMO LLC, V1969 Versace HG LLC, and V1969 USA LLC (collectively, "Licensee Defendants") in support of his Motion to Withdraw as Counsel ("Motion") [Dkt No. 115], Versace nevertheless opposes the Motion.

As the Court knows, the Licensee Defendants' first counsel of record, Brown George Ross LLP ("BGR"), filed a motion to withdraw on November 21, 2016 [Dkt. No. 61]. At that time, discovery had just begun and no fact discovery deadline had been set, so Versace did not oppose the motion, subject to BGR's agreement to a conditional withdrawal pursuant to Civil Local Rule 11-5(b) [Dkt No. 67]. The Court denied BGR's motion without prejudice and ordered BGR and the Licensee Defendants to appear before the Court [Dkt Nos. 68 and 69]. After the Licensee Defendants failed to appear and the Court issued an order to show cause why they should not be sanctioned, the Licensee Defendants appeared on January 19, 2017, at which time the Court set a deadline of January 26, 2017 for the filing of either a substitution of counsel or status report regarding new counsel [Dkt Nos. 70, 71, 80]. On January 26, 2017, a Notice of Withdrawal and Substitution of Counsel was filed substituting Adam Rossman, Esq. ("Rossman") for BGR as counsel of record for the Licensee Defendants [Dkt Nos. 82, 83, 84].

When considering motions to withdraw, courts balance several factors that weigh against granting the Motion here, including whether withdrawal will cause "prejudice . . . to other litigants . . . and the extent to which withdrawal will delay resolution of the case." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010). Here, in light of the procedural history of this case, and as explained below, granting the Motion before new counsel for the Licensee Defendants has appeared in the case will certainly prejudice Versace's ability to complete discovery within the Court's prescribed deadlines.

At the time BGR filed its motion to withdraw, in November 2016, Versace's counsel was attempting to meet and confer with BGR regarding the Licensee Defendants' failure to comply with Versace's pending discovery requests. The meet and confer process was delayed several

months—until February 2017—while BGR's motion to withdraw was pending, and then while Rossman got up to speed on the case after appearing as counsel of record.

Since that time, Versace's counsel and Rossman have met and conferred regarding the Licensee Defendants' failure to comply with Versace's pending discovery requests, resulting in the production of additional documents just over a month ago.  Unfortunately, this document production still does not comply with Versace's discovery requests and therefore will require further meet-and-confer discussions and, in all likelihood, the filing of a joint letter brief pursuant to the Federal Rules of Civil Procedure, Civil Local Rules, and the Standing Order for United States Magistrate Judge Laurel Beeler [Dkt. No. 81-1].  But the close of fact discovery is now less than four months away—fact discovery ends on September 30, 2017 [Dkt. No. 118].  And given that any joint letter brief could be followed by formal briefing and/or further proceedings (plus any additional time it takes for the Licensee Defendants to comply with any order compelling further production of documents and for Versace to review those documents)—all of which must occur before Versace can depose the Licensee Defendants—granting the Motion *before* new counsel for the Licensee Defendants has appeared in the case will almost certainly prejudice Versace's ability to complete fact discovery by the September 30th deadline.

Accordingly, the Court should deny the Motion without prejudice, subject to new counsel for the Licensee Defendants appearing in the case.  If the Court grants the Motion, Versace respectfully requests that it be subject to Rossman's agreement to continue to accept service on behalf of the Licensee Defendants until substitute counsel has entered an appearance in this case. *See* Civil Local Rule 11-5(b).

| | |
|---|---|
| DATED: June 2, 2017 | MUNGER, TOLLES & OLSON LLP<br>ROSEMARIE T. RING<br>CAROLYN HOECKER LUEDTKE<br>JONATHAN E. ALTMAN<br>AARON D. PENNEKAMP<br>WILLIAM LARSEN |

By:    */s/ Rosemarie T. Ring*
     ROSEMARIE T. RING
Attorneys for Gianni Versace, S.p.A. and Versace USA, Inc.