UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GIANNI VERSACE, S.P.A., et al., | Case No. 16-cv-03617-HSG (LB) |
| Plaintiffs, | |
| v. | **ORDER** |
| VERSACE 19.69 ABBIGLIAMENTO SPORTIVO SRL, et al., | Re: ECF No. 144 |
| Defendants. | |

**INTRODUCTION & BACKGROUND**

This is a discovery dispute in a trademark-infringement case.[1] The plaintiffs, Gianni Versace and Versace USA, sued (among others) Versace 19.69 Abbigliamento Sportivo SRL for its alleged "willful infringement of Versace's trademark rights in attempting to build a brand called V19.69 Italia."[2] The parties have litigated — and appear to be still litigating — similar trademark-infringement claims in international courts, including in the Court of Milan, Italy.[3] Although they

---

[1] *See generally* First Amended Compl. – ECF No. 123. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* ¶ 1.

[3] *See* Discovery Letter Brief – ECF No. 144 at 2–3.

ORDER – No. 16-cv-03617-HSG

reached a "conciliation agreement" that "settled an Italian trademark lawsuit," the parties have different opinions about the meaning and scope of that agreement, and so their litigation marches onward — including here in this case.[4]

The district judge referred all discovery matters to the undersigned and the parties filed a discovery letter brief.[5] In their letter, they dispute the discoverability of the defendants' international activities.[6] Their positions are diametrically opposed: Versace urges that is "entitled to discovery relating to [d]efendants' conduct outside the United States" and seeks an order compelling the defendants to "remove the geographic limitation they have placed on their discovery responses"; Versace 19.69 asserts that the plaintiffs "have not made a sufficient showing to entitle them to such discovery" and asks the court to "restrict [Versace's] discovery requests to activities in the United States."[7]

The court held a discovery hearing on June 29, 2017.

## ANALYSIS

The issue is whether Versace is entitled to discovery regarding the defendants' international activities. The key word here is *discovery*: this is a discovery letter brief, not a substantive motion. Versace must show only that, given its alleged claims, the requested discovery is relevant and proportional to the needs of the case:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[4] *See id.*

[5] Order – ECF No. 79; Discovery Letter Brief – ECF No. 144.

[6] *See generally* Discovery Letter Brief.

[7] *See id.* at 2, 6.

Fed. R. Civ. P. 26(b)(1). Deciding whether proposed discovery is "relevant" to a plaintiff's claims of course requires some investigation into the substance of those claims, but the plaintiff is not limited to admissible evidence and it need not prove its claims to obtain discovery.

The court finds that the international discovery is relevant. For example, as Versace points out, the defendants' alleged "dumping" of U.S.-made products in international markets after this lawsuit was filed is reasonably relevant to its claims of intent and willfulness. *See In re Mann*, 410 B.R. 43, 49–50 (Bankr. C.D. Cal. 2009) (finding defendant's actions "intentional, deliberate, and willful" in part because he continued to sell counterfeit products after receiving cease and desist letters). So too would be evidence that the defendants have "represented their (false) ties to Versace internationally."[8] The defendants urge that prior bad acts are inadmissible under Federal Rule of Evidence 404, but (1) discoverable evidence need not be admissible, and (2) such evidence may be admissible depending on its use — for example, if used to show intent, knowledge, or willfulness. *See Johnson & Johnson Consumer Cos., Inc. v. Aini*, 540 F. Supp. 2d 374, 392, n.31 (E.D.N.Y. 2008) (noting that prior trademark-infringement actions brought against the defendants "present some evidence of Defendants' intent" with respect to the infringing goods, and noting that such evidence is admissible of intent and knowledge under Federal Rule of Evidence 404(b)). And the discovery is also relevant to the Lanham Act's extraterritorial application.

The Versace 19.69 defendants primarily argue that Versace has not met its burden of showing that the Lanham Act's international reach applies in this case.[9] Whether or not the Lanham Act applies extraterritorially "is a merits question." *Trader Joe's Co. v. Hallatt*, 835 F.3d 960, 968 (9th Cir. 2016) (holding that it does not "implicate federal courts' subject-matter jurisdiction"). The Act applies extraterritorially if:

> (1) the alleged violations . . . create some effect on American foreign commerce; (2) the effect [is] sufficiently great to present a cognizable injury to the plaintiffs under the Lanham Act; and (3) the interests of and links to American foreign commerce [are] sufficiently strong in relation to those of other nations to justify an assertion of extraterritorial authority.

---

[8] *Id.* at 3.

[9] *Id.* at 5.

*Id.* at 969 (quoting *Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 613 (9th Cir. 2010)) (alterations in original). To satisfy the first two prongs, "[a] defendant's foreign activities need not have a substantial or even significant effect on American commerce, rather, 'some effect' may be sufficient." *Id.* "Plaintiffs usually satisfy . . . [the] first and second prongs by alleging that infringing goods, though sold initially in a foreign country, flowed into American domestic markets," but "some effect" may be shown in myriad ways — including harm to reputation and decreased trademark value. *See id.* at 970–72, 975. The third factor, which "gives effect to the rule that we construe statutes to avoid unreasonable interference with other nations' sovereign authority where possible," requires the weighing of seven factors. *Id.* at 972–73 (internal quotation marks omitted).

The defendants assert that the Versace plaintiffs "have not, and cannot, make such a showing," and that all of the factors "weigh against extraterritorial application here."[10] The defendants similarly point out that the plaintiffs have not presented admissible evidence to support their arguments in the brief.[11]

But, again, this is a discovery issue, not a substantive motion: whether or not the Lanham Act applies extraterritorially — and whether the Versace plaintiffs have met their burden of showing that — is not properly before this court. The court thinks that the discovery sought is, at least, relevant to that issue (among others).

The defendants also assert that the Versace plaintiffs' requests are burdensome, "would involve the examination of innumerable documents, [and would] consum[e] the resources of a small company that has already been decimated by Plaintiffs' tactics."[12] But they provide little context in the letter brief about the burden. At the hearing, they pointed to potentially far flung locations. The court has confidence that the parties can navigate the appropriate scope of

---

[10] *Id.*

[11] *See id.* at 5–6 ("Plaintiffs have not presented any evidence of improper conduct"; "Plaintiffs allege, without admissible evidence, that Defendants are selling goods to third parties . . . .").

[12] *Id.* at 6.

discovery. If not, Rule 26 requires that discovery be proportional to the needs of the case, and the court remains available to help the parties manage any burden of the international discovery.

**IT IS SO ORDERED.**

Dated: June 29, 2017

LAUREL BEELER
United States Magistrate Judge