# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------- X

VERSACE 19.69 ABBIGLIAMENTO
SPORTIVO S.R.L.,

              Plaintiff,

    - against -

VERSACE USA INC. and GIANNI VERSACE,
S.P.A.,

              Defendants.

-------------------------------------- X

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Index No. 655130/16

**AFFIDAVIT OF FRANCESCA
BOSIO IN SUPPORT OF
DEFENDANTS' OPPOSITION TO
PRELIMINARY INJUNCTION
MOTION AND CROSS-MOTION
TO DISMISS OR, IN THE
<u>ALTERNATIVE, STAY</u>**

Hon. Marcy S. Friedman, J.S.C.
Part 60

Index No. 655130/16

---

AFFIDAVIT OF FRANCESCA BOSIO

Francesca Bosio, being duly sworn, deposes and says:

1.      I am Intellectual Property Manager at Gianni Versace, S.p.A ("Versace").  The facts set forth herein are true and correct to the best of my knowledge, information, and belief, and I could and would testify to their accuracy if called upon to do so.

### Versace and Versace Trademarks

2.      After Gianni Versace's death in 1997, Donatella Versace became Artistic Director of Versace and continues in that role today.

3.      Versace owns 1,155 trademarks in 120 countries containing the Versace name, including the following federally registered trademarks in the United States.  True and correct copies of Versace's federal trademark registration certificates, including for registration numbers 1,123,748; 1,891,546; 1,973,178; 2,121,984; 2,190,233; 2,440,541; 3,976,544; 4,398,385; and 2,426,052, are attached hereto as Exhibit A:

| MARK | REG. NO. | REG. DATE | CLASS |
|---|---|---|---|
| Gianni Versace | 1,123,748 | Aug. 7, 1979 | 25 |
| Gianni Versace | 1,891,546 | Apr. 25, 1995 | 3, 18, 25 |
| Gianni Versace | 1,973,178 | May 7, 1996 | 9, 14, 16, 24, 20 |
| VERSACE | 2,121,984 | Dec. 16, 1997 | 3, 18, 25 |
| VERSACE | 2,190,233 | Sept. 22, 1998 | 9 |
| VERSACE | 2,440,541 | Apr. 3, 2001 | 8, 19, 20, 21, 24 |
| VERSACE | 3,976,544 | June 14, 2011 | 9 |
| VERSACE | 4,398,385 | Sept. 10, 2013 | 11, 14, 27, 35 |
| Versace Jeans Couture | 2,426,052 | Feb. 6, 2001 | 18, 25 |

### Versace 19.69 and Alessandro Versace

4.      In 2000, Germano Sangalli, Miranda Novelli, Simonetta Soldani, and Alessandro Versace founded Versace 19.69 Abbigliamento Sportivo S.r.l. ("Versace 19.69").

Index No. 655130/16

AFFIDAVIT OF FRANCESCA BOSIO

5.      Alessandro Versace is not related to Gianni and Donatella Versace and never worked for Versace.

6.      Alessandro Versace is not a designer and his role in Versace 19.69 was limited to allowing the use of his surname and birth year (1969) in the company name.

7.      In 2003, Versace learned that Versace 19.69 was selling garments labeled using the Versace name and initiated civil and criminal actions against Versace 19.69 in Italy, asserting claims for trademark infringement, counterfeiting and unfair competition, and challenging a trademark application filed by Alessandro Versace attempting to register "Versace 19.69 Abbigliamento Sportivo S.r.l." as a trademark.

8.      Versace prevailed in all of these legal proceedings.  In June 2009, based on a finding that "Versace 19.69 Abbigliamento Sportivo S.r.l." infringed Versace's trademarks, Alessandro Versace was prohibited from using it as a trademark and therefore abandoned his trademark application.  In July 2010, after a criminal trial, a judgment was entered ordering the confiscation and destruction of Versace 19.69 garments and finding the owners of Versace 19.69 guilty of counterfeiting and the sale of counterfeit goods.

**Versace 19.69 and Mr. Theofanis Papadas**

9.      In March 2012, Mr. Theofanis Papadas purchased Versace 19.69 and resumed its infringing activities.  Versace subsequently learned that Papadas had attempted to purchase Versace 19.69's trademark rights two years earlier, in September 2009, which did not include "Versace 19.69 Abbigliamento Sportivo S.r.l." given the court decision and abandonment of that trademark application discussed above.

10.     In May 2012, Versace filed an action in the Court of Milan against Papadas, asserting claims for trademark infringement, counterfeiting and unfair competition and sought a

AFFIDAVIT OF FRANCESCA BOSIO

preliminary injunction prohibiting use of the Versace name as a trademark and seizure of all Versace 19.69 products bearing the Versace name.

11.    On July 2, 2012, the Court of Milan entered a conciliation report under which Papadas agreed to: (1) withdraw an application to register "Versace 19.69 Abbigliamento Sportivo S.r.l." as a trademark; (2) "not use the 'VERSACE' name in the future on any of the products involved in the business conducted on his own behalf or by the companies he represents, or in advertising the products by any other means of communication or promotion of such products to the public," except where required by law; and (3) "not use the VERSACE name on his website and on the websites associated with the companies he represents," except where required by law.  ("Conciliation Agreement").  Under the "required by law" exception, Papadas retained only "the right/duty to indicate the full name ["Versace 19.69 Abbigliamento Sportivo, S.r.l."] of the manufacturer and/or importer of the products in cases where required by law, including for labelling purposes, but the current font being used must be modified."  A copy of a certified translation of the Conciliation Agreement is attached hereto as Exhibit B.

12.    Because Papadas continued his infringing activities, Versace filed an action in the Court of Busto Arsizio to enforce the Conciliation Agreement in December 2012.  In May 2013, the court issued a decision in favor of Versace.

13.    In response, Papadas and Versace 19.69 filed an action in the Court of Milan in June 2013, seeking an order declaring that use of "Versace 19.69 Abbigliamento Sportivo S.r.l." on products and product labeling and on Internet websites does not violate Versace's trademark rights and authorizing such use.

14.    On July 11, 2013, the Court of Milan issued a decision rejecting the declaratory relief claim.  A copy of a certified translation of the July 11, 2013 decision is attached hereto as

AFFIDAVIT OF FRANCESCA BOSIO

Exhibit C.  The court found that the "required by law" exception to the Conciliation Agreement

is "strictly limited to cases where the use of the manufacturer, importer or exporter company's

name is required by law and is not otherwise substitutable (for example, for products subject to a

CE marking using the (uncontested) registered trademark and the address) and, in any event, in a

manner that precludes the use thereof on the products as a distinctive sign (internal labels on the

articles of clothing, packaging and accompanying documents [])."  Based on evidence showing

that "Versace 19.69 Abbigliamento Sportivo S.r.l." was "highlighted on external labelling of

knitwear products, was placed on eyewear frames and even reproduced as a decorative element

on a handbag closure," the court concluded that Papadas and Versace 19.69 had violated the

Conciliation Agreement and Versace's trademark rights:

> Such use of [Versace 19.69 Abbigliamento Sportivo S.r.l.], whose identifying
> heart is clearly represented by the surname VERSACE, clearly exceeds the
> requirements to comply with European Union law and consumer protection law,
> the purpose of which is to allow the manufacturer to be identified, and represents
> a form of use strictly as a distinctive sign, in violation of the settlement
> agreements invoked, and as such to be considered infringement [] given the
> prestige of the signs owned by [Versace].  It seems clear that such use [] allows
> [Versace 19.69] to improperly reap an advantage from the prestige of [Versace's
> trademarks] and, at the same time, could impair their distinctive force and ability
> to carry a significant message in the judgment of the public (which is not merely
> an indicator of origin), by exploiting their evocative potential, including beyond
> any aspect of confusion.

15.    Papadas appealed the July 11, 2013 decision.  On August 23, 2013, the court

rejected the appeal and confirmed the July 11, 2013 decision, finding that "the request by

Papadas and the other claimants to find their behavior lawful is found to be completely without

foundation."  A copy of a certified translation of the August 23, 2013 decision is attached hereto

as Exhibit D.

AFFIDAVIT OF FRANCESCA BOSIO

16.     While the July 11, 2013 decision was on appeal, Papadas and Versace 19.69 filed

an action in the Court of Milan, on July 30, 2013, seeking the same relief.

17.     On February 25, 2016, after a trial, the Court of Milan issued a decision rejecting

the claim for declaratory relief.  A copy of a certified translation of the February 25, 2016

decision is attached hereto as Exhibit E.  The court again found that Papadas and Versace 19.69's

use of "Versace 19.69 Abbigliamento Sportivo S.r.l." on products and product labeling and on

Internet websites does not fall within the "required by law" exception to the Conciliation

Agreement:

> Such use of [Versace 19.69 Abbigliamento Sportivo S.r.l.],
> whose identifying heart is clearly represented by the surname
> VERSACE, clearly exceeds the need to comply with European
> Union law and consumer protection law to allow the
> manufacturer to be identified, and represents a form of use
> strictly as a distinctive sign, in violation of the settlement
> agreements invoked[.]

Likewise, the court again found that allowing Papadas and Versace 19.69 to continue

such use violates Versace's trademark rights because it would (1) create "a risk of confusion as

to the origin of [Versace 19.69] goods" due to "the probable error of the public as to the

existence of contractual or group relationships between [Versace] and [Versace 19.69], which is

"amplified by the presence of multiple [Versace trademarks] characterized by the same 'heart',"

and (2) "allow [Papadas and Versace 19.69] to improperly reap an advantage from the prestige of

the [Versace trademarks] and, at the same time, would impair their distinctive force and ability to

carry a significant message in the public's estimation (which is not merely an indicator of

origin), by exploiting their evocative potential."  Accordingly, the court issued an injunction

prohibiting "all use by [Papadas and Versace 19.69] of distinctive signs containing the surname

'Versace' to brand the products and their business, including its use as a firm, insignia and

AFFIDAVIT OF FRANCESCA BOSIO

domain names, except for the company name within the very strict limits set forth in the reasoning (in business relationships with parties other than the final consumers, in business correspondence, on the seal and in forms and where it is strictly required by law in interactions with administrative authorities and not otherwise substitutable)."

18.     Papadas and Versace 19.69 appealed the February 25, 2016 decision and petitioned the Court of Appeal of Milan to stay its enforcement during the appeal. On September 22, 2016, the court rejected that petition. The February 25, 2016 decision is therefore in effect.

19.     In May 2016, Versace filed an action in the Court of Milan against Papadas asserting claims for trademark infringement and unfair competition and seeking a preliminary injunction in connection with a company formed by Papadas in April 2016 called "Versace 19.69 Lounge Bar S.r.l." Papadas argued, among other things, that a preliminary injunction was inappropriate because Versace 19.69 Lounge Bar S.r.l. was "no more than a harmless entity having only just been formed and non-operative" and that he had no intention of using the company name in a way that would infringe Versace's trademarks.

20.     On July 21, 2016, the Court of Milan issued a decision rejecting Papadas's defenses and again finding him liable for trademark infringement and unfair competition. A copy of an English translation of the July 21, 2016 decision is attached hereto as Exhibit F. The court found that "Versace" is "undoubtedly one of the most famous marks in the international panorama," and that a party seeking to protect such a mark is not required to demonstrate actual infringement when such infringement is likely to occur. Based on evidence presented by the parties, the court found "[t]here is no doubt that the nexus the relevant public is drawn to establish between [Versace 19.69 Lounge Bar S.r.l.] and [Versace's] well-known mark exists, given the literal use of 'Versace' in the name chosen," and that "it appears clear that [Papadas's]

Index No. 655130/16

AFFIDAVIT OF FRANCESCA BOSIO

objective is that of exploiting the 'Versace' trademark, drawing on the fame of the well-known trademark for the creation and the goodwill of the newly-formed commercial company." Accordingly, the court issued an injunction prohibiting use of the Versace name and ordering Papadas to change the company name "Versace 19.69 Lounge Bar S.r.l." to eliminate the Versace name.  The court also imposed penalties of €3,000 for each instance of breach and for each day's delay in complying with the order after service, and ordered that Papadas publish the terms of the order "in characters double the normal size" in the daily newspaper *Il Corriere della Sera* within 30 days of service.

AFFIDAVIT OF FRANCESCA BOSIO

I affirm this 20 day of October, 2016, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that I am physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Executed this 20 day of October, 2016 at Milan, Italy.

_____
FRANCESCA BOSIO

Index No. 655130/16

AFFIDAVIT OF FRANCESCA BOSIO