VINITA FERRERA
   vinita.ferrera@wilmerhale.com
DANIEL C. WEWERS
   dan.wewers@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

ARTHUR W. COVIELLO (SBN: 291226)
   arthur.coviello@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Non-Party*
*The TJX Companies Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| GIANNI VERSACE, S.P.A. and VERSACE USA, Inc.,<br><br>           Plaintiffs,<br><br>  v.<br><br>VERSACE 19.69 ABBIGLIAMENTO SPORTIVO SRL; THEOFANIS PAPADAS; VALERO ENTERPRISES, INC; SUSAN VALERO; V1969 BH LLC; BRILLIANCE NEW YORK LLC; V1969 VERSACE SMO LLC; V1969 VERSACE HG LLC; and V1969 USA LLC,<br><br>           Defendants. | Case No. 4:16-cv-03617-HSG<br><br>**DECLARATION OF VINITA FERRERA IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS CONDITIONALLY UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(e) (Dkt. 220)**<br><br>Judge:  Hon. Haywood S. Gilliam, Jr. |

I, Vinita Ferrera, declare as follows:

1. I am an attorney admitted to practice in the Commonwealth of Massachusetts and the State of New York. I am a partner at the law firm Wilmer Cutler Pickering Hale and Dorr LLP, counsel for non-party The TJX Companies, Inc. ("TJX") in the above-captioned matter.

2. Pursuant to Civil Local Rules 7-11 and 79-5, I submit this Declaration in support of Plaintiffs Gianni Versace, S.p.A. and Versace USA, Inc.'s (collectively "Versace") Administrative Motion to File Documents Conditionally Under Seal Pursuant to Civil Local Rule 79-5(e) (Dkt. 220) ("Motion to Seal").

3. TJX is not a party in this action. TJX produced documents for use in this matter in response to a subpoena served on it by Versace.

4. With its Motion to Seal, Versace filed a document produced by TJX in response to the aforementioned subpoena; this document contains or discusses information designated "CONFIDENTIAL" by TJX under the Stipulated Protective Order (Dkt. 107). This document is attached to the Declaration of William Larsen (Dkt. 220-2) in support of Versace's Motion to Seal ("Larsen Declaration"). Certain portions of this document are sealable by the Court because the information contained therein is confidential, protectable as a trade secret, or otherwise entitled to protection under the law.

5. The requested relief is necessary and narrowly tailored to protect the confidentiality of the information contained in page 19 of Plaintiffs' Motion for Summary Judgment, pages 79-80 and 94 of the Declaration of Zachary Briers ("Briers Declaration"), page 76 of Exhibit 30 to the Briers Declaration, and the entire Exhibit 106 to the Briers Declaration.

6. In particular, these portions of these documents reflect or refer to statements and information in TJX's non-public customer service call log. This log contains confidential communications between TJX and its customers, and among TJX employees, about TJX sales and marketing practices and strategy, including pricing.

7. The public disclosure of this information—including to some of the other third parties who have produced information in this action and who are direct competitors of TJX,

such as Dillard's, Inc., and Macy's, Inc.—would be harmful to TJX. *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 4936595, at *2 (N.D. Cal. Oct. 17, 2012) (observing that "compelling reasons" to seal a judicial record "may exist if sealing is required to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). It is TJX's practice and policy to maintain the confidentiality of such information.

8. In addition, the document contains false and misleading statements concerning TJX's sales practices. The public disclosure of such false and misleading statements would cause great harm to TJX in its relationships with its vendors and customers. TJX takes seriously the intellectual property rights of others, and requires its vendors to warrant the authenticity of their goods as a condition of doing business with TJX. In fact, TJX's standard purchase order with its U.S. vendors requires a warranty that any goods supplied to TJX "do not infringe any patents, trade dress, trademarks, tradenames, copyrights or other rights of others, nor unfairly compete therewith, and that the resale thereof by [TJX], to any person, in any place . . . is not restricted in any manner whatsoever." TJX's vendors must also warrant that "all [g]oods bearing any name or trademark of any third party are genuine [g]oods manufactured with the authority, and in accordance with all applicable quality standards of such third party, and that all [g]oods are authorized for sale in the U.S. market." Purchase Order Terms & Conditions (U.S. Affiliates of the TJX Companies, Inc.).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 5th day of February, 2018.

*/s/ Vinita Ferrera*
Vinita Ferrera

**ATTESTATION**

I, Arthur W. Coviello, am the ECF user whose ID and password are being used to file the above Declaration.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Vinita Ferrera has concurred in the aforementioned filings.

*/s/ Arthur W. Coviello*
Arthur W. Coviello