UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANNI VERSACE, S.P.A., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VERSACE 19.69 ABBIGLIAMENTO SPORTIVO SRL, et al.,<br><br>Defendants. | Case No. 16-cv-03617-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 211, 220, 239, 247, 251 |

Pending before the Court are the parties' administrative motions to seal various documents pursuant to Civil Local Rule 79-5. Dkt. Nos. 211, 220, 239, 247, 251. The Court **GRANTS** the parties' motions.

I. **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have

1 become a vehicle for improper purposes,' such as the use of records to gratify private spite,

2 promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179

3 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the

4 production of records may lead to a litigant's embarrassment, incrimination, or exposure to further

5 litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II. DISCUSSION**

The majority of documents and portions of documents that the parties seek to seal are related to the parties' motions for summary judgment. *See* Dkt. Nos. 220, 239, 247. These documents are more than tangentially related to the underlying cause of action, and the Court therefore applies the "compelling reasons" standard to evaluate them. The parties have provided a

compelling interest in sealing portions of these documents, elaborated in the table below, as the sealed documents contain confidential business and financial information relating to Defendants Versace 19.69 Abbigliamento Sportivo SRL and Theofanis Papadas, and numerous non-parties to this lawsuit, including Bluefly, Inc., Dillard's Inc., Groupon, Inc., K&M Associates, L.P., Macy's Inc., TJX Companies Inc., Zulily, LLC, and Burlington Stores, Inc. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (holding sensitive financial information falls within the class of documents that may be filed under seal).

Apart from these documents, there are also two sealing requests accompanying the parties' stipulations to alter the case schedule to accommodate personal considerations presented by counsel. *See* Dkt. Nos. 211, 251. Because the underlying filings are not dispositive, the Court applies the lower "good cause" to evaluate these sealing requests. The Court is satisfied that the parties have made the necessary "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *See Phillips ex rel. Estates of Byrd*, 307 F.3d at 1210-11; *Corns v. Laborers Int'l Union of N. Am.*, 62 F. Supp. 3d 1105, 1111 n.3 (N.D. Cal. 2014) ("The Court finds that there are compelling reasons to seal this private, personal information which bears only a tangential relationship to the matters to be decided here.").

The parties request the following portions of the various documents be sealed:

| Docket Number Public/(Sealed) | Document | Portion(s) Sought to be Sealed | Ruling (basis) |
|---|---|---|---|
| **No Public Version Filed**//211-4 | Declaration of Rosemarie T. Ring in Support of Stipulation and [Proposed] Order Modifying Case Schedule | Entire document | GRANTED |
| 220-3/220-4 | Plaintiffs' Motion for Summary Judgment | Pages 6, 18-20, 23, 35 | GRANTED |
| 220-5/220-6 | Declaration of Zachary Briers in | Pages 8-10, 14, 18-21, 54-55, 61, 72-73, 75-81, 91-95 | GRANTED |

| | | | |
|---|---|---|---|
| | Support of Plaintiffs' Motion for Summary Judgment ("Briers Decl.") | | |
| 220-7/220-8 | Briers Decl., Ex. 30 (Expert Report of Dr. Serdari) | Pages 32, 33, 45, 52, 76-80, 84-85 | GRANTED |
| **No Public Version Filed**/220-9 | Briers Decl., Ex. 38 | Entire document | GRANTED |
| **No Public Version Filed**/220-10 | Briers Decl., Ex. 39 | Entire document | GRANTED |
| **No Public Version Filed**/220-11 | Briers Decl., Ex. 41 | Entire document | GRANTED |
| **No Public Version Filed**/220-12 | Briers Decl., Ex. 44 | Entire document | GRANTED |
| **No Public Version Filed**/220-13 | Briers Decl., Ex. 46 | Entire document | GRANTED |
| **No Public Version Filed**/220-14 | Briers Decl., Ex. 47 | Entire document | GRANTED |
| **No Public Version Filed**/220-15 | Briers Decl., Ex. 85 | Entire document | GRANTED |
| **No Public Version Filed**/220-16 | Briers Decl., Ex. 91 | Entire document | GRANTED |
| **No Public Version Filed**/220-17 | Briers Decl., Ex. 93 | Entire document | GRANTED |
| **No Public Version Filed**/220-17 | Briers Decl., Ex. 106 | Entire document | GRANTED |
| **No Public Version Filed**/220-19 | Briers Decl., Ex. 107 | Entire document | GRANTED |
| **No Public Version Filed**/220-20 | Briers Decl., Ex. 108 | Entire document | GRANTED |
| **No Public Version Filed**/220-21 | Briers Decl., Ex. 114 | Entire document | GRANTED |
| **No Public Version Filed**/220-22 | Briers Decl., Ex. 138 | Entire document | GRANTED |
| 239-3/239-4 | Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment | Pages 6-7 | GRANTED |
| 239-5/239-6 | Declaration of Carolyn Luedtke in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment ("Luedtke Decl.") | Page 2 | GRANTED |
| **No Public Version** | Luedtke Decl., Ex. | Entire document | GRANTED |

4

| | | | |
|---|---|---|---|
| **Filed**/239-7 | 163 | | |
| **No Public Version Filed**/247-3 | Exhibit 171 to Declaration of Rosemarie T. Ring In Support of Plaintiffs' Reply in Support of Plaintiff's Motion for Summary Judgment | Entire document | GRANTED |
| **No Public Version Filed**/251-4 | Declaration of Rosemarie T. Ring in Support of Stipulation and [Proposed] Order Modifying Case Schedule | Entire document | GRANTED |

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Dkt. Nos. 211, 220, 239, 247, and 251. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The public will have access only to the redacted versions accompanying the administrative motions.

**IT IS SO ORDERED.**

Dated:  8/30/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge