ROSEMARIE T. RING (CA SBN 110840)
rose.ring@mto.com
CAROLYN HOECKER LUEDTKE (CA SBN 207976)
carolyn.luedtke@mto.com
AARON D. PENNEKAMP (CA SBN 290550)
aaron.pennekamp@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105-2907
Tel.:  (415) 512-4000 / Fax:  (415) 644-6929

ZACHARY M. BRIERS (CA SBN 287984)
zachary.briers@mto.com
WILLIAM LARSEN (CA SBN 314091)
william.larsen@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:      (213) 683-4042

Attorneys for GIANNI VERSACE, S.P.A. and VERSACE USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| GIANNI VERSACE, S.P.A. and VERSACE USA, Inc.,<br><br>              Plaintiffs,<br><br>     vs.<br><br>VERSACE 19.69 ABBIGLIAMENTO SPORTIVO S.R.L., THEOFANIS PAPADAS, SUSAN VALERO, VALERO ENTERPRISES, INC., BRILLIANCE NEW YORK, LLC, V1969 BH LLC, V1969 VERSACE SMO LLC, V1969 VERSACE HG LLC, and V1969 USA LLC.<br><br>              Defendants. | Case No. 4:16-cv-03617-HSG<br><br>**[PROPOSED] PERMANENT INJUNCTION**<br><br>Judge:   Hon. Haywood S. Gilliam, Jr. |

WHEREAS, for the purpose of this Permanent Injunction, the following definitions shall apply:

a) "Plaintiffs" shall mean Gianni Versace, S.p.A. and Versace USA, Inc.

b) "Defendants" shall mean Versace 19.69 Abbigliamento Sportivo S.R.L, and Theofanis Papadas.

c) "Parties" shall mean, collectively, Plaintiffs and Defendants.

d) "Versace Marks" shall mean the trademarks "Versace" and "Gianni Versace," including without limitation the following federal trademark registrations:

| **MARK** | **REG. NO.** | **REG. DATE** | **CLASS** |
|---|---|---|---|
| VERSACE | 2,121,984 | Dec. 16, 1997 | 3, 18, 25 |
| VERSACE | 2,190,233 | Sept. 22, 1998 | 9 |
| VERSACE | 2,440,541 | Apr. 3, 2001 | 8, 19, 20, 21, 24 |
| VERSACE | 3,976,544 | June 14, 2011 | 9 |
| VERSACE | 4,398,385 | Sept. 10, 2013 | 11, 14, 27, 35 |
| GIANNI VERSACE | 1,123,748 | Aug. 7, 1979 | 25 |

e) "Infringing Marks" shall mean any word or phrase that uses, in whole or in part, the Versace Marks, including without limitation "Versace," "Versace 19.69," "Versace Sportivo," "Versace 19.69 Abbigliamento Sportivo," "Versace 19.69 Abbigliamento Sportivo S.R.L. Milano Italia," and/or "Versace 19.69 Abbigliamento Sportivo S.R.L.," and shall not include "19V69 Italia," "V Italia" or the "Flower."

WHEREAS, on June 27, 2016, Plaintiffs initiated the above-captioned action against Defendants, alleging claims for federal trademark infringement, federal false designation of origin, federal trademark dilution, common law trademark infringement, and violations of California Business & Professions Code §§ 14330 *et seq.* and 17200 *et seq.* [ECF Nos. 1, 123].

WHEREAS, on February 1, 2018, the Parties submitted motions for summary judgment or partial summary judgment [ECF Nos. 218, 221], on February 15, 2018, the Parties submitted oppositions to these motions for summary judgment [ECF Nos. 238, 240], on February 22, 2018,

1  the Parties submitted replies to these oppositions [ECF Nos. 246, 248], and, on March 29, 2018,
2  the Court held a hearing on the Parties' motions for summary judgment.
3        WHEREAS, on July 24, 2018, the Court issued an Order resolving the Parties' cross-
4  motions for summary judgment, and concluding that "a permanent injunction <ins>of some sort</ins> is
5  warranted" [ECF No. 261<ins> at 31/32</ins>], and, on August 27, 2018, the Court issued an Order requiring
6  the Parties "to meet and confer regarding" the terms of a "proposed permanent injunction" and
7  "submit briefing to the Court" on "any dispute[s] regarding specific provisions of the permanent
8  injunction" [ECF No. 267].
9        1.    NOW THEREFORE, IT IS HEREBY ORDERED, upon consideration of the
10 <del>Parties'</del><ins>parties</ins> briefing submitted pursuant to the Court's August 27, 2018 Order,<del> and</del> for the
11 reasons given in the Court's Memorandum Opinion and Order dated July 24, 2018, and good
12 cause appearing, that Defendants and all of their officers, agents, servants, employees, and
13 attorneys, and all those in active concert or participation with any of them, are PERMANENTLY
14 RESTRAINED AND ENJOINED from:
15        a)    Manufacturing, importing, exporting, advertising, marketing, promoting,
16 displaying, supplying, distributing, delivering, drop-shipping, offering for sale, selling, or
17 transferring any goods or services which bear any Infringing Marks <ins>that is likely to cause
18 confusion with the Versace Marks</ins> in the United States;
19        b)    Licensing or otherwise inducing any person to use any Infringing Marks
20 <ins>that is likely to cause confusion with the Versace Marks</ins> in the United States; and
21        c)    Committing any other act which <del>represents or which has the effect of</del>
22 <del>representing that</del><ins>is likely to cause confusion as to whether</ins> the goods or services <del>offered</del><ins>which</ins>
23 <ins>bear any Infringing Marks and/or any other word, phrase, name, trademark,</ins> or <del>licensed by</del>
24 <del>Defendants</del><ins>trade name</ins> are licensed by, authorized by, offered by, produced by, sponsored by, or in
25 any other way associated with Plaintiffs.
26        2.    IT IS FURTHER ORDERED that Defendants and all of their officers, agents,
27 servants, employees, and attorneys, and all those in active concert or participation with any of
28 them shall:

1    a)    destroy all remaining inventory of all goods located in the United States
2 subject to this Permanent Injunction, if any, including without limitation all advertising,
3 promotional, and marketing materials related to those goods, including without limitation store
4 signs, catalogues, and any other items that bear, contain, or incorporate any Infringing Marks <u>that</u>
5 <u>is likely to cause confusion with the Versace Marks</u>; or
6    b)    for products that bear the Infringing Marks exclusively on a removable tag,
7 if any, remove and destroy such removable tag.
8    ~~3.    IT IS FURTHER ORDERED that Defendants and all of their officers, agents,~~
9 ~~servants, employees, and attorneys, and all those in active concert or participation with any of~~
10 ~~them shall remove from any websites under their control that are displayed to consumers in the~~
11 ~~United States, including without limitation www.v1969italia.com, any reference to any Infringing~~
12 ~~Marks.~~
13    ~~4.    IT IS FURTHER ORDERED that Defendants, within five (5) business days after~~
14 ~~entry of this Permanent Injunction, shall provide a copy of this Permanent Injunction and the~~
15 ~~Court's Memorandum Opinion and Order dated July 24, 2018, by overnight courier or such other~~
16 ~~means reasonably likely to ensure receipt to all persons with whom Defendants (including all of~~
17 ~~Defendants' officers, agents, servants, employees, and attorneys, and all those in active concert or~~
18 ~~participation with any of them) have entered into agreements to license, manufacture, import,~~
19 ~~export, advertise, market, promote, display, supply, distribute, deliver, drop ship, offer for sale, or~~
20 ~~sell any goods or services in the United States bearing any Infringing Marks, or whom have sold~~
21 ~~products bearing the Infringing Marks, including without limitation each of the following persons:~~
22 ~~PJB Brands, Inc.; Susan Valero; Valero Enterprises, Inc.; AHQ LLC; FHQ LLC;~~
23 ~~Aidisas/European Fashions; B&H Apparel; Best Brands Consumer Products, Inc.; BMG Imports,~~
24 ~~Inc; Brilliance New York LLC; SASCO Trading Corp.; Decorware, Inc.; Delmare Manufacturing;~~
25 ~~EMD Group, Inc.; EZ Apparel LLC; Silhouette LLC; Five Star Accessories of New York, Inc.; H~~
26 ~~Best Ltd./More Time; iApparel LLC; Jezra Operating Group LLC; K&M Associates L.P.;~~
27 ~~Legware USA, Inc./Central Carolina Hosiery; Minx NY/Vintage Home, Inc.; Neftali, Inc.; Pem-~~
28 ~~America, Inc.; SaraMax Apparel Group, Inc.; Sun fashions, Inc.; V1969 BH; Versa Group LLC;~~

1  ~~Wiesner Products, Inc.; Yoki Group, Inc.; In Moda S.R.L.; TJX Companies; T.J. Maxx;~~
2  ~~Marshalls; Ross Dress for Less; Burlington Coat Factory; Steinmart; Bon-Ton; Shoe Show;~~
3  ~~Century 21; Castle Merchandising; Duty Free Americas, Inc.; Bealls; Belks; Boskovs;~~
4  ~~Nordstrom/Nordstrom Rack; Haute Look; Bloomingdales/Bloomingdales Outlet; Macy's~~
5  ~~Backstage; Lord & Taylor; Hudson Bay; Off Fifth/Saks; Amazon; Fox's; Winners; Dr. Jay's;~~
6  ~~AEFES/Army Exchange; Hudson News; Sears; BNY Handbags; Staples; Gilt; Groupon;~~
7  ~~Overstock; eBay; Bluefly; Last Call/Neiman Marcus; Von Maur; Zulily; and Gordmans.~~

3.  IT IS FURTHER ORDERED that Defendants shall file with the Court and serve upon Plaintiffs within thirty (30) days after the entry of this Permanent Injunction a report in writing and under oath setting forth in detail the manner in which Defendants have complied with this Permanent Injunction.

<u>4.  IT IS FURTHER ORDERED that nothing in this Permanent Injunction shall be construed to modify or to supersede the Parties' rights and obligations under the Conciliation Agreement, or to prohibit Defendants from using the full company name Versace 1969 Abbigliamento Sportivo S.R.L. when the law requires the use of the full company name.</u>

5.  IT IS FURTHER ORDERED that this Permanent Injunction shall be without prejudice to Plaintiffs' right to seek any other form of relief from Defendants, including without limitation disgorgement of Defendants' profits, costs pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and 15 U.S.C. § 1117(a), and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

6.  AND IT IS FURTHER ORDERED that this Court shall retain continuing jurisdiction over the Parties and the above-entitled action for purposes of:

   a)   Enforcing this Permanent Injunction;

   b)   Issuing any judgment with respect to any other relief requested by Plaintiffs, including without limitation disgorgement of Defendants' profits, costs pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and 15 U.S.C. § 1117(a), and/or reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); and/or

   c)   Modifying this Permanent Injunction as appropriate.

**IT IS SO ORDERED.**

DATED: _____, 2018        By: _____
                                         Honorable Haywood S. Gilliam, Jr.
                                         United States District Judge