1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  GIANNI VERSACE, S.P.A., et al.,  Case No. 16-cv-03617-HSG
8      Plaintiffs,  **PERMANENT INJUNCTION**
9      v.
10 VERSACE 19.69 ABBIGLIAMENTO SPORTIVO SRL, et al.,
11
12     Defendants.

WHEREAS, for the purpose of this Permanent Injunction, the following definitions shall apply:

    a)    "Plaintiffs" shall mean Gianni Versace, S.p.A. and Versace USA, Inc.

    b)    "Defendants" shall mean Versace 19.69 Abbigliamento Sportivo S.R.L, and Theofanis Papadas.

    c)    "Parties" shall mean, collectively, Plaintiffs and Defendants.

    d)    "Versace Marks" shall mean the trademarks "Versace" and "Gianni Versace," including without limitation the following federal trademark registrations:

| **MARK** | **REG. NO.** | **REG. DATE** | **CLASS** |
|---|---|---|---|
| VERSACE | 2,121,984 | Dec. 16, 1997 | 3, 18, 25 |
| VERSACE | 2,190,233 | Sept. 22, 1998 | 9 |
| VERSACE | 2,440,541 | Apr. 3, 2001 | 8, 19, 20, 21, 24 |
| VERSACE | 3,976,544 | June 14, 2011 | 9 |
| VERSACE | 4,398,385 | Sept. 10, 2013 | 11, 14, 27, 35 |
| GIANNI VERSACE | 1,123,748 | Aug. 7, 1979 | 25 |

e) "Infringing Marks" shall mean any word or phrase that uses, in whole or in part, the Versace Marks, including without limitation "Versace," "Versace 19.69," "Versace Sportivo," "Versace 19.69 Abbigliamento Sportivo," "Versace 19.69 Abbigliamento Sportivo S.R.L. Milano Italia," and/or "Versace 19.69 Abbigliamento Sportivo S.R.L."

WHEREAS, on June 27, 2016, Plaintiffs initiated the above-captioned action against Defendants, alleging claims for federal trademark infringement, federal false designation of origin, federal trademark dilution, common law trademark infringement, and violations of California Business & Professions Code §§ 14330 *et seq*. and 17200 *et seq*. [ECF Nos. 1, 123].

WHEREAS, on February 1, 2018, the Parties submitted motions for summary judgment or partial summary judgment [ECF Nos. 218, 221], on February 15, 2018, the Parties submitted oppositions to these motions for summary judgment [ECF Nos. 238, 240], on February 22, 2018, the Parties submitted replies to these oppositions [ECF Nos. 246, 248], and, on March 29, 2018, the Court held a hearing on the Parties' motions for summary judgment.

WHEREAS, on July 24, 2018, the Court issued an Order resolving the Parties' cross-motions for summary judgment, and concluding that "a permanent injunction is warranted" [ECF No. 261], and, on August 27, 2018, the Court issued an Order requiring the Parties "to meet and confer regarding" the terms of a "proposed permanent injunction" and "submit briefing to the Court" on "any dispute[s] regarding specific provisions of the permanent injunction" [ECF No. 267].

1. NOW THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Parties' briefing submitted pursuant to the Court's August 27, 2018 Order, and for the reasons given in the Court's Memorandum Opinion and Order dated July 24, 2018, and good cause appearing, that Defendants and all of their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, are PERMANENTLY RESTRAINED AND ENJOINED from:

a) Manufacturing, importing, exporting, advertising, marketing, promoting, displaying, supplying, distributing, delivering, drop-shipping, offering for sale, selling, or transferring any goods or services which bear any Infringing Marks in the United States;

  b)  Licensing or otherwise inducing any person to use any Infringing Marks in the United States; and

  c)  Committing any other act which represents or which has the effect of representing that goods or services offered or licensed by Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiffs.

 2. IT IS FURTHER ORDERED that Defendants and all of their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them shall:

  a)  destroy all remaining inventory of all goods located in the United States subject to this Permanent Injunction, if any, including without limitation all advertising, promotional, and marketing materials related to those goods, including without limitation store signs, catalogues, and any other items that bear, contain, or incorporate any Infringing Marks; or

  b)  for products that bear the Infringing Marks exclusively on a removable tag, if any, remove and destroy such removable tag.

 3. IT IS FURTHER ORDERED that Defendants and all of their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them shall remove from any websites under their control that are displayed to consumers in the United States, including without limitation www.v1969italia.com, any reference to any Infringing Marks.

 4. IT IS FURTHER ORDERED that Defendants, within five (5) business days after entry of this Permanent Injunction, shall provide a copy of this Permanent Injunction and the Court's Memorandum Opinion and Order dated July 24, 2018, by overnight courier or such other means reasonably likely to ensure receipt to all persons with whom Defendants (including all of Defendants' officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them) have entered into agreements to license, manufacture, import, export, advertise, market, promote, display, supply, distribute, deliver, drop-ship, offer for sale, or sell any goods or services in the United States bearing any Infringing Marks, or whom have sold products bearing the Infringing Marks, including without limitation each of the following persons:

1 PJB Brands, Inc.; Susan Valero; Valero Enterprises, Inc.; AHQ LLC; FHQ LLC;
2 Aidisas/European Fashions; B&H Apparel; Best Brands Consumer Products, Inc.; BMG Imports,
3 Inc; Brilliance New York LLC; SASCO Trading Corp.; Decorware, Inc.; Delmare Manufacturing;
4 EMD Group, Inc.; EZ Apparel LLC; Silhouette LLC; Five Star Accessories of New York, Inc.; H
5 Best Ltd./More Time; iApparel LLC; Jezra Operating Group LLC; K&M Associates L.P.;
6 Legware USA, Inc./Central Carolina Hosiery; Minx NY/Vintage Home, Inc.; Neftali, Inc.; Pem-
7 America, Inc.; SaraMax Apparel Group, Inc.; Sun fashions, Inc,; V1969 BH; Versa Group LLC;
8 Wiesner Products, Inc.; Yoki Group, Inc.; In Moda S.R.L.; TJX Companies; T.J. Maxx;
9 Marshalls; Ross Dress for Less; Burlington Coat Factory; Steinmart; Bon-Ton; Shoe Show;
10 Century 21; Castle Merchandising; Duty Free Americas, Inc.; Bealls; Belks; Boskovs;
11 Nordstrom/Nordstrom Rack; Haute Look; Bloomingdales/Bloomingdales Outlet; Macy's
12 Backstage; Lord & Taylor; Hudson Bay; Off Fifth/Saks; Amazon; Fox's; Winners; Dr. Jay's;
13 AEFES/Army Exchange; Hudson News; Sears; BNY Handbags; Staples; Gilt; Groupon;
14 Overstock; eBay; Bluefly; Last Call/Neiman Marcus; Von Maur; Zulily; and Gordmans.

5. IT IS FURTHER ORDERED that Defendants shall file with the Court and serve upon Plaintiffs within thirty (30) days after the entry of this Permanent Injunction a report in writing and under oath setting forth in detail the manner in which Defendants have complied with this Permanent Injunction.

6. IT IS FURTHER ORDERED that this Permanent Injunction shall be without prejudice to Plaintiffs' right to seek any other form of relief from Defendants, including without limitation disgorgement of Defendants' profits, costs pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and 15 U.S.C. § 1117(a), and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

7. AND IT IS FURTHER ORDERED that this Court shall retain continuing jurisdiction over the Parties and the above-entitled action for purposes of:

    a) Enforcing this Permanent Injunction;

    b) Issuing any judgment with respect to any other relief requested by Plaintiffs, including without limitation disgorgement of Defendants' profits, costs pursuant to

4

Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and 15 U.S.C. § 1117(a), and/or reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); and/or

        c)     Modifying this Permanent Injunction as appropriate.

**IT IS SO ORDERED.**

Dated:

                                      HAYWOOD S. GILLIAM, JR.
                                      United States District Judge