UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANNI VERSACE, S.P.A., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VERSACE 19.69 ABBIGLIAMENTO SPORTIVO SRL, et al.,<br><br>Defendants. | Case No. 16-cv-03617-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 272 |

Defendants in this action include Versace 19.69 Abbigliamento Sportivo S.R.L. and Theofanis Papadas (collectively, "VAS"). On December 21, 2018, VAS's counsel—attorneys Gerard F. Dunne, William Dunnegan, Nicholas G. Karambelas, and Suizi Lin—filed a motion to withdraw as counsel for VAS on the ground that they "have not been paid for their services, and that there is no reasonable expectation that they will be paid." Dkt. No. 272 at 3. Counsel gave more than five months' notice to VAS of their intent to withdraw. *Id.* Mr. Papadas opposed the motion, but therein admitted to unpaid balances. *See* Dkt. No. 278. Plaintiffs Gianni Versace, S.p.A. and Versace USA, Inc. (collectively, "Versace") do not oppose this motion. Dkt. No. 279.

On January 31, 2019, the Court held a hearing, which was attended by Attorneys Dunnegan and Lin for VAS, and Attorney Rosemarie Ring for Versace. At the Court's direction, Mr. Papadas appeared telephonically, both in his individual capacity and as a client representative for Defendant Versace 19.69 Abbigliamento Sportivo S.R.L. *See* Dkt. Nos. 276 (ordering Mr. Papadas's appearance), 283 (granting Mr. Papadas's request to appear telephonically). At the hearing, the Court reviewed *in camera* a report produced by Mr. Dunnegan that included defense counsels' unpaid balances giving rise to the present motion. Based on the relevant legal authority, the papers, and the representations made at the hearing, the Court now **GRANTS** the motion to

withdraw as counsel.

## I. LEGAL STANDARD

In this District, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)); *see also* Civil L.R. 11-4(a)(1) (requiring compliance with the California Rules of Professional Conduct). Under these rules, permissive withdrawal may only be granted by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The professional rules provide for permissive withdrawal on various grounds, including when "[t]he client . . . breaches an agreement or obligation to the member as to expenses or fees[,]" or when "[t]he member believes in good faith . . . that the tribunal will find the existence of other good cause for withdrawal." *Id.*, Rule 3-700(C)(1), (6). However, an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property and papers).

Finally, courts assessing withdrawal balance the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

//

//

## II. DISCUSSION

Local Civil Rule 11-5(a) is satisfied because the filing of the motion over a month ago gave all parties reasonable advance notice of withdrawal, and because defense counsel gave notice to their client. *See* Dkt. No. 272 at 3. The filing of the motion was also permitted by the California Rules of Professional Conduct. Based upon the information disclosed during the *in camera* portion of the hearing, the Court is persuaded that defense counsel filed the motion with a good faith belief that there is good cause for withdrawal. CA ST RPC, Rule 3-700(C)(6). Balancing the equities, the Court finds that permitting withdrawal is just, while imposing certain conditions (described below) will minimize delay and prejudice. *See Robinson*, 2010 WL 3259384, at *2 (discussing equities). In the exercise of its discretion, the Court finds that withdrawal is warranted. *See* Gong, 2008 WL 160964, at *1.

If necessary, Mr. Papadas, as an individual, may appear *pro se* in federal court. However, Versace 19.69 Abbigliamento Sportivo S.R.L., as a business entity, may appear in federal court only through counsel. *See U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see also* N.D. Cal. L.R. 3-9(b). Consequently, Versace 19.69 Abbigliamento Sportivo S.R.L. must obtain new counsel within 60 days. During this period, the Court directs defense counsel to accept service of papers for forwarding to both Mr. Papadas and Versace 19.69 Abbigliamento Sportivo S.R.L. *See* Civil L.R. 11-5(b).

If Mr. Papadas in his individual capacity is unable to obtain counsel within 60 days, he will proceed in this action *pro se*. In that event, Mr. Papadas must provide the Court with his contact information, so that he may be served as an individual going forward. If Versace 19.69 Abbigliamento Sportivo S.R.L. is unable to obtain counsel within 60 days, the Court will be inclined to allow Plaintiffs' counsel to seek entry of default and a default judgment. *See Baeza v. Assisted Credit Servs., Inc.*, No. 8:15-cv-01451-ODW (JCG), 2016 WL 3912016, at *2–4 (C.D. Cal. July 19, 2016); *see also Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming entry of a default judgment where the corporate defendant had failed to obtain substitute counsel); *High Country*, 3 F.3d at 1245 (same).

//

## III. CONCLUSION

For the foregoing reasons, the Court grants the motion to withdraw as counsel.

**IT IS SO ORDERED.**

Dated: 2/1/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge