1  OTTO O. LEE (SBN 173987)
   olee@iplg.com
2  KEVIN VIAU (SBN 275556)
   kviau@iplg.com
3  LEILA N. SOCKOLOV (SBN 282946)
   lsockolov@iplg.com
4  INTELLECTUAL PROPERTY LAW GROUP
   LLP
5  1871 The Alameda, Suite 250
   San Jose, California 95126
6  Telephone: (408) 286-8933
   Facsimile: (408) 286-8932
7
8
   Attorneys for Defendants VERSACE 19.69
9  ABBIGLIAMENTO SPORTIVO S.R.L. and
   THEOFANIS PAPADAS
10

ROSEMARIE T. RING (SBN 110840)
rose.ring@mto.com
CAROLYN HOECKER LUEDTKE
(SBN 207976)
carolyn.luedtke@mto.com
AARON D. PENNEKAMP (SBN 290550)
aaron.pennekamp@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105-2907
Tel.:  (415) 512-4000 / Fax:  (415) 644-6929

ZACHARY M. BRIERS (SBN 287984)
zachary.briers@mto.com
WILLIAM LARSEN (SBN 314091)
william.larsen@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-1560
Tel:  (213) 683-9100 / Fax:  (213) 683-4042

Attorneys for Plaintiffs GIANNI VERSACE,
S.R.L. and VERSACE USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| GIANNI VERSACE, S.P.A. and VERSACE USA, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>VERSACE 19.69 ABBIGLIAMENTO SPORTIVO SRL; THEOFANIS PAPADAS; VALERO ENTERPRISES, INC; SUSAN VALERO; V1969 BH LLC; BRILLIANCE NEW YORK LLC; V1969 VERSACE SMO LLC; V1969 VERSACE HG LLC; AND V1969 USA LLC,<br><br>Defendants. | Case No. 4:16-cv-03617-HSG<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AND [PROPOSED] JUDGMENT**<br><br>Judge:    Hon. Haywood S. Gilliam, Jr. |

## STIPULATION FOR ENTRY OF JUDGMENT

WHEREAS, on June 27, 2016, Plaintiffs Gianni Versace S.R.L.[1] and Versace USA, Inc. (collectively, "Versace") filed this action against, *inter alia*, Defendants Theofanis Papadas and Versace 19.69 Abbigliamento Sportivo S.R.L. (collectively, "VAS") asserting claims for, *inter alia*, trademark infringement, false designation of origin, trademark dilution, and unfair competition;

WHEREAS, on July 24, 2018, the Court issued an Order granting Versace summary judgment on its claims against VAS for trademark infringement, false designation of origin, trademark dilution, and unfair competition, (ECF No. 261, "Summary Judgment Order");

WHEREAS, the Summary Judgment Order also found that a permanent injunction was warranted and, between October 2018 and November 2018, the Parties submitted briefing to the Court regarding the terms of the permanent injunction, with each side proposing a draft of the permanent injunction for the Court to consider;

WHEREAS, on January 2, 2019, the Court entered Versace's proposed permanent injunction against VAS (ECF No. 275, "Permanent Injunction");

WHEREAS, a trial is currently scheduled to commence on May 13, 2019, for the Court to determine the amount of money VAS owe to Versace in the form of infringer's profits;

WHEREAS, on February 1, 2019, VAS filed a notice of appeal of the Summary Judgment Order and the Permanent Injunction to the United States Court of Appeal for the Ninth Circuit, which is captioned *Gianni Versace, S.p.A., et al. v. Versace 19.69 Abbigliamento Sportivo S.R.L., et al.*, Case No. 19-15188 ("Appeal");

WHEREAS, in order to avoid the risk, cost, and expense of the upcoming trial on monetary relief, VAS agreed to dismiss the Appeal and be bound by the Summary Judgment Order and Permanent Injunction, Versace agreed to release its claims for monetary recovery against VAS set for trial on May 13, 2019, and the Parties agreed to stipulate to entry of the attached [Proposed] Stipulated Judgment;

---

[1] Gianni Versace, S.P.A. recently changed its name to "Gianni Versace S.R.L."

[PROPOSED] JUDGMENT

WHEREAS, the Parties have entered into a binding term sheet memorializing, *inter alia*, their agreement to enter judgment as set forth herein ("Agreement").

NOW THEREFORE, the Parties stipulate as follows:

1.　　The Court has jurisdiction to enter judgment in this action.

2.　　The Court already entered the Permanent Injunction, dated January 2, 2019, that remains in effect and is unchanged.

3.　　The Parties consent to the Court having continuing jurisdiction for purposes of enforcing the Parties' Agreement, the Permanent Injunction and the Judgment, and the Parties irrevocably and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient.

4.　　The Parties request that the Court enter the [Proposed] Judgment attached hereto.

5.　　VAS irrevocably and fully waive notice of entry of the Judgment, and notice and service of the entered Judgment, and understand and agree that violation of either the Judgment or the Permanent Injunction will expose them to all penalties provided by law, including contempt of Court.

6.　　VAS irrevocably and fully waive any and all right to appeal the Summary Judgment Order, the Permanent Injunction, and the Judgment.

IT IS SO STIPULATED.


DATED: April 12, 2019　　　　　　MUNGER, TOLLES & OLSON LLP

By: _____*/s/ Zachary M. Briers*_____
ZACHARY M. BRIERS
Attorneys for Gianni Versace, S.R.L. and
Versace USA, Inc.


DATED: April 12, 2019　　　　　　INTELLECTUAL PROPERTY LAW GROUP

By: _____*/s/ Otto O. Lee*_____
Otto Lee
Attorneys for Defendants Theofanis Papadas and
Versace 19.69 Abbigliamento Sportivo S.R.L.

1

## ATTESTATION OF CONCURRENCE IN FILING

2       Pursuant to N.D. Cal. L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this

3

document has been obtained from counsel for GIANNI VERSACE, S.r.l. and VERSACE USA,

4

INC.

5

6  Dated: April 12, 2019          By:     */s/ Otto O. Lee*

7                              Otto O. Lee, Esq.
INTELLECTUAL PROPERTY LAW GROUP LLP

8                              1871 The Alameda, Suite 250
San Jose, CA 95126

9                              Telephone: 408-286-8933
Fax: 408-286-8932

10

11                              *Attorneys for Defendant VERSACE 19.69
ABBIGLIAMENTO SPORTIVO S.R.L., and
THEOFANIS PAPADAS*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## [~~PROPOSED~~] JUDGMENT

WHEREAS, on June 27, 2016, Plaintiffs Gianni Versace S.R.L. and Versace USA, Inc. (collectively, "Versace") filed suit against, *inter alia*, Defendants Theofanis Papadas and Versace 19.69 Abbigliamento Sportivo S.R.L. (collectively, "VAS"), asserting claims for, *inter alia*, trademark infringement, false designation of origin, trademark dilution, and unfair competition;

WHEREAS, on July 24, 2018, the Court issued an Order granting Versace summary judgment on its claims against VAS for trademark infringement, false designation of origin, trademark dilution, and unfair competition, (ECF No. 261, "Summary Judgment Order").

WHEREAS, on January 2, 2019, the Court entered a Permanent Injunction against VAS (ECF No. 275, "Permanent Injunction");

WHEREAS, on February 1, 2019, VAS filed a notice of appeal of the Summary Judgment Order and the Permanent Injunction to the United States Court of Appeal for the Ninth Circuit, which is captioned *Gianni Versace, S.p.A., et al. v. Versace 19.69 Abbigliamento Sportivo S.R.L., et al.*, Case No. 19-15188 ("Appeal");

WHEREAS, in order to avoid the risk, cost, and expense of the upcoming trial on monetary relief, VAS agreed to dismiss the Appeal and be bound by the Summary Judgment Order and Permanent Injunction, Versace agreed to release its claims for monetary recovery against VAS set for trial on May 13, 2019, and the Parties agreed to stipulate to entry of the this Stipulated Judgment;

WHEREAS, the Parties have entered into a binding term sheet memorializing, *inter alia*, their agreement to enter judgment as set forth herein ("Agreement").

NOW THEREFORE, Pursuant to the Stipulation for Entry of Judgment filed concurrently herewith, and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     Judgment is entered in favor of Versace, and against VAS, for the reasons stated in the Summary Judgment Order, with neither Party obtaining any damages or monetary award.

2.     VAS shall remain subject to the Permanent Injunction, which remains effective and unchanged.

3. The Parties shall bear their own attorneys' fees and costs incurred in connection with this action.

4. This Court shall retain continuing jurisdiction over the Parties and the above-entitled action for purposes of:

        a)     Enforcing this Stipulated Judgment;

        b)     Enforcing the Permanent Injunction;

        c)     Enforcing the Parties' Agreement;

        d)     Issuing any other judgment or order with respect to any other relief requested by the Parties; and

        e)     Modifying this Stipulated Judgment and Permanent Injunction as appropriate.

**IT IS ORDERED AND ADJUDGED.**

DATED: _____ April 15, 2019      By: _____

                                          Honorable Haywood S. Gilliam, Jr.
                                          United States District Judge